Justin H. Sanders (SBN 211488)
jsanders@sandersroberts.com
Alexandra Lototsky (SBN 311921)
alototsky@sandersroberts.com
SANDERS ROBERTS LLP
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for DEFENDANT
**JPMORGAN CHASE BANK**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BOSCO SEUNGCHUL BAEK,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>Defendant. | **CASE NO.**<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL FROM STATE COURT**<br><br>Sup. Ct. Complaint Filed: December 6, 2021 |



**PLEASE TAKE NOTICE** that Defendant JPMorgan Chase Bank N.A. (hereinafter "Chase") by their counsel SANDERS ROBERTS LLP, hereby removes the above-captioned action, *Bosco Seungchul Baek v. JPMorgan Chase Bank, National Association* Case No. 21STCV44466 ("State Court Action") from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. Chase denies the allegations and relief sought by Plaintiff, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor. Chase hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). Chase will provide evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.[1]

## BACKGROUND AND PROCEDURAL REQUIREMENTS

1. On December 6, 2021, Plaintiff Bosco Seungchul Baek, ("Plaintiff") filed the State Court Action. The Complaint alleges that Plaintiff is a resident of Los Angeles and *inaccurately* names Defendant Chase as a corporation that "operates" in Ohio. (Ex. A, Compl. ¶ 13).[2] Plaintiff asserts causes of action for violations under the California Identity Theft Act Cal. Civ. Code § 1798.92 et seq. ("CITA") and Cal. Penal Code § 530.8 et seq. *See generally* Exhibit A [Complaint]. Specifically, Plaintiff alleges that he is a victim of identity theft. *Id.* ¶ 1. An unauthorized individual

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 83 (2014); see also Janis v. Health Net, Inc., 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.")

[2] Chase is a **national banking association** with its main office, as designated by its articles of association, in Columbus, Ohio.

- 2 -
DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL
FROM STATE COURT

1 allegedly accessed Plaintiff's personal identifying information ("PII") and two of his Chase credit cards amount to over $41,000 of debt. In or around June or July 2018, Plaintiff discovered over $200,000 in debt from various credit accounts and loans in Plaintiff's name. *Id.* ¶ 17a. On April 6, 2020, Plaintiff sent Chase a full identity theft notification ("IDTN"), which Chase allegedly received on April 13, 2020. Plaintiff further alleges that Chase continued to pursue Plaintiff's debt after receiving the IDTN. *Id.* ¶¶ 2, 18. Attached hereto as **Exhibit A** are true copies of Plaintiff's Summons and Complaint.

2. The State Court Action was filed in the Superior Court of the State of California for the County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a).

3. In accordance with 28 U.S.C. § 1446(a), attached to this notice are true copies of all processes, pleadings, and orders served upon Chase in the State Court Action. For the Court's ease of reference, these documents consist respectively of Plaintiff's Complaint (**Exhibit A**) and the remainder of the state court documents in Defendant's possession (**Exhibit B**).

4. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles promptly after the filing of same in this Court.

5. Pursuant to 28 U.S.C. § 1446(d), written notice for this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

6. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

7. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert defenses including, without limitation,

- 3 -
DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL FROM STATE COURT

the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or forum non conveniens, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### A.   TIMELINESS

8. Defendant has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the Defendant, through service or otherwise, with a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is or has become removable." *Id*. § 1446(b)(3).

9. On January 14, 2022, Chase served Plaintiff with jurisdictional discovery to clarify whether the amount in controversy exceeded $75,000, as the total amount of sought damages is unclear from the face of the Complaint. In response, Plaintiff sent Chase an email on January 21, 2022, confirming the amount in controversy exceeded $75,000. In addition, Plaintiff further stated that they were not opposed to removing the case to federal court. Plaintiff's communication was the first time Chase was able to fully determine whether the amount in controversy exceeded $75,000, therefore making the removal proper within 30 days of January 21, 2021. Thus, this removal is timely.

### **GROUNDS FOR REMOVAL**

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(2). Both requirements are satisfied here because the

matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Defendant.

### A. COMPLETE DIVERSITY EXISTS AMONG THE PARTIES

11. The parties to this action are "citizens of different States," and were at the time the State Court Action was filed. 28 U.S.C. §1332(a)(1).

12. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Gilbert v. David*, 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[D]omicile generally requires a confluence of residence, i.e., physical presence, and the intent to remain permanently or indefinitely." *Motu Novu, LLC v. Percival*, No. C 16-06545 SBA, 2018 WL 3069316, at *3 (N.D. Cal. May 7, 2018). Plaintiff, a natural person, is and was at the time of filing of the Complaint, and at all other times relevant to this lawsuit, a citizen residing in the State of California. (*See* Complaint, ¶ 12.)

13. Defendant, JPMorgan Chase Bank N.A., is, and was at the time Plaintiff commenced this action, a national association with its main office, as designated by the articles of association, in Columbus, Ohio. A national banking association is a citizen only "of the State in which its main office, as set forth in the articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *see also Rouse v. Wachovia Mortg.*, 747 F.3d 707, 715 (9th Cir. 2014) ("[A] national bank is 'located' only in the state designated as its main office."). Accordingly, Chase is a citizen of Ohio for the purposes of diversity.

14. Therefore, there is complete diversity of citizenship between Plaintiff and Defendant.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. Section 1332(a) of the United States Code provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between.

1  . . citizens of different states . . . ." 28 U.S.C. § 1332.

2  16. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." (*Dart*, 135 S. Ct. at 553.)

17. Generally, a federal district court will first "consider whether it is 'facially apparent from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the Complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the Defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

18. Chase in no way concedes it has any liability to Plaintiff, and denies that Plaintiff is entitled to recover any of the relief requested in the Complaint. However, the amount in controversy is what amount is put "in controversy" by a plaintiff and their Complaint, not what a defendant will actually owe. *Korn v. Polo Ralph Lauren Corporation*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

19. Chase served Plaintiff with jurisdictional discovery on January 14, 2022, to determine whether the amount in controversy exceeded $75,000. Plaintiff did not

- 6 -
DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL FROM STATE COURT

serve formal discovery responses, but nonetheless reached out to Chase's counsel on January 21, 2022 and represented that the sought amount of damages exceeded $75,000. Attached hereto as **Exhibit C** is a true and correct copy of this correspondence between counsel.

20. Accordingly, the requisite amount in controversy for diversity actions set forth in 28 U.S.C. § 1332(a) is satisfied

### NO ADMISSION

21. By this filing, Chase does not admit any liability, does not concede the accuracy of Plaintiff's allegations, and does not concede that Plaintiff is entitled to any of the relief sought in the Complaint, or any relief of any kind.

### CONCLUSION

22. Accordingly, because the State Court Action, (i) is between citizens of different states, and (ii) the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, this action may be re moved to this Court on diversity grounds pursuant to 28 U.S.C. §§ 1332 and 1441(a).

23. Wherefore, the State Court Action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Dated: February 22, 2022     **SANDERS ROBERTS LLP**

By: /s/ Justin H. Sanders
Justin H. Sanders, Esq.
Alexandra Lototsky, Esq.
Attorneys for DEFENDANT
**JPMORGAN CHASE BANK**

- 7 -
DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL FROM STATE COURT

# PROOF OF SERVICE

## (CODE CIV. PROC. § 1013A(3))

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 1055 West 7th Street, Los Angeles, CA 90017. My electronic service address is Breyes@sandersroberts.com.

On February 22, 2022, I served the following document(s) described as DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL FROM STATE COURT on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☒ **By Electronic Mail:** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 22, 2022, at Los Angeles, California.

*/s/ Blanca Reyes*
Blanca Reyes

Case No.:

PROOF OF SERVICE



# SERVICE LIST
*BOSCO SEUNGCHUL BAEK, v. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION.*
Case No.

| | |
|---|---|
| Michael F. Cardoza, Esq. (SBN: 194065) | **Attorneys for Plaintiff,** |
| Lauren B. Veggian, Esq. (SBN: 309929) | BOSCO SEUNGCHUL BAEK |
| **THE CARDOZA LAW CORPORATION** | |
| 548 Market St., #80594 | |
| San Francisco, CA 94104 | |
| Telephone: (415) 488-8041 | |
| Facsimile: (415) 651-9700 | |
| Email: | |
| Mike.Cardoza@cardozalawcorp.com | |
| Lauren.Veggian@cardozalawcorp.com | |
| litigation@cardozalawcorp.com | |
| samuel.albert@cardozalawcorp.com | |
| | |
| Ryan L. McBride (SBN: 297557) | |
| Alan Gudino (SBN: 326738) | |
| **KAZEROUNI LAW GROUP, APC** | |
| 4455 E. Camelback Road, Suite C250 | |
| Phoenix, Arizona 85018 | |
| Telephone: (800) 400-6808 | |
| Facsimile: (800) 520-5523 | |
| Email: | |
| ryan@kazlg.com | |
| ak@kazlg.com | |
| david@kazlg.com | |
| alan@kazlg.com | |

Case No.: